1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

9
10

SHANE BEAUDOIN,

11                              Petitioner,

12               v.

13     ROSANNE CAMPBELL,

14                              Respondent.

15

Case No.  C06-1568RSL

REPORT AND
RECOMMENDATION

Noted for March 27, 2009

16          This case has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§

17     636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Petitioner is

18     seeking federal habeas relief, pursuant to 28 U.S.C. § 2254, from a state jury conviction arising out of

19     California State Superior Court.  He is currently detained at the Mule Creek State Prison in Ione,

20     California.

21          Petitioner raises the following four grounds for habeas relief:

22     A.     Petitioner was convicted of two counts of rape by the use of drugs, in
              violation of Cal. Pen. Code § 261(a)93).  The trial court sentenced
23            Petitioner to two full consecutive and aggravated term of eight years
              pursuant to Cal. Pen. Code §667.6(c) and (d)and Rule 4.426(a).
24

25     B.     Petitioner was unconstitutionally sentenced to an aggravated and
              consecutive terms as to counts in violation of his Fifth, Sixth and
26            Fourteenth Amendment protections.

27     C.     Petitioner was sentenced unconstitutionally sentenced to two full, separate
              and consecutive terms as to counts 3 and 4 in violation of *Blakely* and
28            *Apprendi*.

REPORT AND RECOMMENDATION
Page - 1

1             D.        Petitioner was unconstitutionally sentenced to consecutive terms of
2                        imprisonment as to counts 4 and 5.

3        After reviewing the Petition and balance of the record, this report is submitted to the Honorable

4  Robert S. Lasnik, Chief United States District Judge, pursuant to the provisions of 28 U.S.C. § 636.

5                              **FACTUAL BACKGROUND**

6        On , April 18, 2002, Petitioner, Shane Beaudoin, was arrested and subsequently charged in the

7  state's original information, with the following crimes:

8        Forcible Rape (Cal. Pen. Code §261(a)(2); Count 1);

9        Forcible Rape While Acting in Concert (§264.1; Count 2);

10       Anal and Genital Penetration By a Foreign Object (§289(a)(1); Count 3);

11       Rape by use of drugs (§ 261(a)(3); Count 4);

12       Kidnaping (§ 207(a); Count 5);

13       Anal and Genital Penetration By a Foreign Object (§289(e); Count 6); and

14       Resisting or Obstructing a Peace Officer (§ 148(a)(1)); Count 7.

15 CR 83-86, (referencing the Court Record or trial transcript, which was submitted with Respondent's

16 Answer).

17       In the early morning hours on April 18, 2002, a 911 phone call was made reporting a disturbance

18 at an apartment complex.  When police officers arrived at the scene they knocked on the door of the

19 identified residence.  The knocking did not produce a response, but they could hear movement and noises

20 from within the apartment.  The officers kicked the door open, which was found to be held closed with a

21 chair wedged under the doorknob, and entered the apartment with guns drawn.  In one of the bedrooms,

22 officers found Mr. Hurst, a co-defendant, sitting in a chair and the victim laying on the bottom mattress of

23 a bunk bed.  The victim was partially clothed, unsteady on her feet and appeared to be intoxicated and

24 under the influence of a stimulant.  In another bedroom officers found two other individuals: Katherine

25 Markes, the apartment's legal tenant, and Petitioner, Shane Beaudoin.  The victim was taken outside the

26 apartment, where she stated something was put in her drink and that Petitioner and Shane Beaudoin "had

27 started in on her sexually."  CR 164.  Petitioner and Mr. Hurst were both arrested on April 18, 2002.

28       Petitioner and Mr. Hurst were charged by information, and their joint trial commenced on April

30, 2003.  At the trial jurors heard testimony from several witnesses, including police officers, a forensic nurse, the victim, the victim's family, other residents of the apartment complex, a toxicologist, criminalists, counselor, and a forensic serologist.  Petitioner and Mr. Husrt testified at the trial in their own defense.  The testimony reflected significantly different stories about the events that took place in the early morning of April 18, 2002.  Closing argument took place on June 3, 2003.  Two days later the jury returned its verdict, finding Petitioner and Mr. Husrt not guilty of forcible rape (count 1), not guilty of forcible rape while acting in concert (count 2), guilty of rape (count 3), guilty of Rape by Use of Drugs (count 4), and guilty of kidnapping (count 5).  CR 1927-1929.  (The undersigned notes that sometime during the trial an amended information was filed, dropping the charge of anal and genital penetration by a foreign object as charged in count 6 of the original information, and Petitioner admitted guilt to resisting a peace officer in count 7).

Sentencing of both Petitioner and Mr. Hurst took place on July 11, 2003.  After considering the record, but before hearing argument from any party, the judge stated, "I am in agreement with following the recommendations of the probation department as to both Mr. Beaudoin and Mr. Hurst in regard to the intended sentence for the reasons stated by probation in their reports."  CR 1935.  Because the Petition raises questions focused on the legality of his sentence, the state judge's remarks after hearing argument and victims statement are quoted at length, as follows:

> We'll take Mr. Beaudoin's case first.
> Mr. Beaudoin, you're not eligible for probation, so that's out of the question.
> You have a prior strike conviction for first degree residential burglary, and that disqualifies you from being considered for probation under Penal Code Section 667 (b)(2).
> But even if you were considered eligible for probation under any theory or law, I wouldn't, under any circumstances, grant you probation in light of the facts of this case, your criminal history, et cetera.
> I've considered all those factors in Rule 4.414 and others that you're maybe wanting to be placed on probation and having adverse an affect on you; all the other factors listed in that section would mitigate against a grant of probation.
> So the real questions come down to is the selection of the appropriate term for each offense, and I find under Rule 4.423 that there are no circumstances in mitigation in this case.
> There are several factors in aggravation under 4.421.  I find the following factors in aggravation, (a)(1), (a)(3), (a)(4), (a)(8), (b)(1), (b)(2), (b)(3), (b)(4), and (b)(5).
> And what those break down to is that I find that there were, on your part, great – that this case did involve rape, great threats of bodily harm, that these acts imposed a high degree of cruelty, viciousness and callousness.
> Both you and Mr. Hurst did not treat Debra Gaut as a person.  You treated her as an object to be utilized in your own sexual gratifications.
> I find that she was particularly vulnerable.  She was a minor.  She was sat upon by you two men, who are much bigger, stronger, in a position where you had her under your

1  complete, complete control and domination.

2          Even though there were other persons present in that apartment where the rapes
occurred, the utilization of drugs and alcohol prevented her, I believe, from calling out to
them.  She was intoxicated and that's above and beyond that, and the fact that the use of

3  drugs being an element of the offense here.

          So I find she was particularly vulnerable.

4          You induce a minor to participate in this crime with you.  You were the person who
provided the drug Ecstacy in this case, Mr. Beaudoin.  It may not even have happened but

5  for you being the source of that drug and utilizing it on her and as well as yourselves.
So I think that does indicate some planning, sophistication, and professionalism on your part.

6          These crimes, as well as your prior record, I think, indicate you are a person who is
a danger to society.

7          You have numerous prior convictions as an adult dating from, let's see, 1994
possession of a knife on school grounds; obstructing a peace officer; carrying a concealed

8  weapon in a vehicle, a violation of probation based upon that event; a prior theft; petty
theft conviction; a prior battery conviction; a felony residential burglary; a felony level

9  infliction of injury to a spouse or cohabitant; a violation of parole; being under of [sic]
influence.

10         So you have an extensive prior criminal history.

          You served a prior prison term that didn't shape you up.  You failed on both

11  probation and parole.

          So for all those reasons it's clear that an aggravated sentence is appropriate in this

12  case as to Count III.

          So for Count III, the Penal Code Section 261(a)(3) offense, I will select the

13  aggravated term of eight years.

          To that end as to Count IV, although I could select aggravated term for that offense

14  to make this offense proportionate to a relative involvement of both of you gentlemen in
this offense, I will select the mid term as recommended by probation.  That's a six-year

15  term.  That would be directed to run consecutive to the charge in Count III.

          Count V I will select -- by operation of law it's the midterm of five years.  One

16  third of that is one year, eight months.

          And the reason why I'm selecting consecutive offenses in this case is I think

17  actually you could be sentenced under both 67.6(d) and 667.6(c) if I – and under 667.6(d)
consecutive sentences would be mandatory.

18         I do find that both Counts III and IV were violent sex crimes and they occurred on
separate occasions.

19         You, between the commission of Mr. Hurst, the sexual intercourse with the victim,
did have a reasonable opportunity to reflect on your actions and nonetheless then resumed

20  your own personal sexually assaultive behavior switching sides between you and Mr.
Hurst being the one holding her down while the other sexually assaulted her and then

21  switching positions and then the other sexual assault offense occurred.

          So I think a consecutive, full separate, consecutive sentence could be imposed and

22  would be authorized under 667.6(d).  I think it's also authorized under Penal Code Section
667.6(c).

23         And then in making that determination I have to apply the factors in Rule
4.425(a)(1).  I believe the crimes and their objectives were independent of each other.

24         You have both sexually assaulted her, switched sides, changed the roles of each of
you, held her down forcibly while the other sexually assaulted her.

25         Under Rule 4.425(a)(2) the crimes involve separate acts of violence or threats as to
both of you in the commission of those offenses.

26         And under Rule 4.425(a)(3) the crimes were committed at different times and did
not indicate they may have been part of your overall scheme to sexually assault this young

27  woman, but they were separate as to your own personal involvement and the role that you
played in those offenses.

28         So for those reasons under 4.425 I believe a full separate consecutive sentence is
warranted for Counts III and IV.

So I will select the total term on Count III as eight years.

The term on Count IV is six years.

The term on Count V is the mid term one year, eight months.  But because you admitted that you suffered a prior strike conviction under Penal Code Section 667(b) through (i), the residential burglary, those terms are doubled.

So your total term of commitment for these offenses is 32 years four months.

For your admission to Penal Code Section 148(a), resisting arrest offense, that will be one year in the county jail concurrent to the sentence previously imposed.

And because you admitted a prior prison term – I should have mentioned this.  The total term of three years, four months reflects the fact that you're also subject to a one-year enhancement for your prior prison term for the spousal – felony spousal abuse conviction.

So your total term is 32 years, four months in state prison, and this is warranted because you have  a prior strike conviction and your criminal history, I think, is more serious than that of Mr. Hurst.

[Omitted].

Now, Mr. Hurst, you are eligible for probation if I find this to be an unusual case, because you don't have the prior strike conviction.

I've considered the factors under Rule 4.413, and I don't find that any of those applied that would warrant a finding of an unusual case in this matter.

Also applying factors in 4.414 other than factors in your favor that indicate that you're willing to comply with probation and a sentence to state prison will have an adverse effect on your life, other factors indicate under that section that you are not a good candidate for probation.

I think that the [sic] under the circumstances I will find the following factors apply: 4.414(a)(1), (a) (3), (a)(4), (a)(6), (b)(1), (b)(2), (b)(4), (b)(7), and (b)(8).

The circumstances of those crimes are more serious as compared to other circumstances of similar crimes in that you were both involved in a consistent action here to sexually assault this young lady.

You utilized drugs to resist her – weaken her resistance and to make her more vulnerable to your predatory behavior.  She was vulnerable for the reasons I've expressed in regard to Mr. Beaudoin's case.

You have obviously inflicted physical and emotional injury on her as detailed by her mother's and her own letters to the Court.

You were obviously an active participant in this crime.

You also have a prior history of criminal conduct of a battery, driving under the influence, possession of drug paraphernalia, all misdemeanors, and one felony drug conviction.

Let's see.  You have a long-standing history of drug abuse.

Your prior performance on probation has been unsatisfactory, and your history of alcohol and substance abuse would indicate you're at great risk to reoffend.

You have no remorse, and you are a danger to our society.

So for all those reasons probation would be denied.

And in determining the appropriate term for you under the range of possible sentences there are no mitigating factors under Rule 4.423.

There are several aggravating factors they are 4.421(a)(1), (a)(3), (b)(1), (b)(2), (b)(4), (b)(5), among others.

As I've indicated as to Mr. Beaudoin, these crimes did involve a threat of bodily harm to the victim; disclosed a high degree of cruelty, viciousness, and callousness to the victim.

She was vulnerable for the reasons I've previously expressed.

You have engaged in violent conduct that would indicate you're a serious danger to society.

Your prior convictions are serious and numerous.

You were on probation when you committed this offense.  Your prior performance

1   on probation was unsatisfactory, and you have no remorse and continue to lie about your
    own involvement in this case as your testimony demonstrated amply during this trial.

2           So for all those reasons I will select the aggravated terms on Counts III and IV, and
    I've considered the factors as I must to determine whether your sentences should be

3   consecutive under Penal Code Section 667.6(c) and (d).  For the reasons I've previously
    expressed as to Mr. Beaudoin those same factors apply to you.

4           Your consecutive conditions, full, separate, and consecutive could be justified
    under either code section and under Rule with 4.425(a)(1).

5           So I make those same findings that I did as to Mr. Beaudoin.
            So for Count III your sentence will be the aggravated term of eight years.

6           For Count IV your sentence will be the aggravated term, and that will be directed to
    be a full, separate, and consecutive sentence to that imposed in Count III.

7           For Count V I will select the mid term of five years.  One third the mid term by
    operation of law is one year, eight months.

8           For Count VI, the resisting arrest charge, that will be one year in county jail
    concurrent to the sentences previously imposed.

9           Counts III, IV, and V consecutive to each other.
            The total term of commitment to the state Department of Corrections will be 17

10  years, eight months.

11  CR 1951-1960.

12                      **EVIDENTIARY HEARING NOT REQUIRED**

13          The function of an evidentiary hearing is to try issues of fact; such a hearing is unnecessary when

14  only issues of law are raised.  See, e.g., Yeaman v. United States, 326 F.2d 293 (9th Cir. 1963). The

15  undersigned judge concludes that there are no relevant factual disputes to resolve in order for the Court to

16  render its decision in this case.  Accordingly, an evidentiary hearing was not conducted.

17                              **DISCUSSION**

18          On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 was enacted.  The

19  Act revised habeas law, such that Section 2254(d) reads:

20      An application for a writ of habeas corpus on behalf of a person in custody pursuant to the
        judgment of a State court shall not be granted with respect to any claim that was
21      adjudicated on the merits in State court proceedings unless the adjudication of the claim —

22          (1) resulted in a decision that was contrary to, or involved an unreasonable
            application of, clearly established Federal law, as determined by the
23          Supreme Court of the United States; or

24          (2) resulted in a decision that was based on an unreasonable determination
            of facts in light of the evidence presented in the State court proceeding."

25  28 U.S.C. § 2254(d); Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110

26  Stat. 1214 (1996).  Section 2254(e) states:

27

28      In a proceeding instituted by an application for a writ of habeas corpus by person in
        custody pursuant to the judgment of a State court, a determination of a factual issue made
        by a State court shall be presumed to be correct.  The applicant shall have the burden of

1   rebutting the presumption of correctness by clear and convincing evidence.

2   28 U.S.C. § 2254(e)(1).

3    The Ninth Circuit, sitting *en banc*, commented on the effect of the revisions:

4    The [Antiterrorism] Act limits the ability of federal courts to reexamine questions of law
5   and mixed questions of law and fact. Historically, federal habeas courts have reviewed all
    questions of law and mixed questions of law and fact de novo. *Wright v. West*, 505 U.S.
6   277, 299-304, 112 S.Ct. 2482, 2494-97, 120 L.Ed.2d 225 (1992) (O'Connor, J.,
    concurring). Under the amendments to Chapter 153, federal courts must restrict their legal
7   analysis to whether the state decision was contrary to or an unreasonable application of
    "clearly established Federal law, as determined by the Supreme Court of the United
8   States." 28 U.S.C. S 2254(d)(1). The Act further restricts the scope of federal review of
    mixed questions of fact and law. 28 U.S.C. S 2254(e). De novo review is no longer
9   appropriate; deference to the state court factual findings is.

10  Jeffries v. Wood, 114 F.3d 1484, 1498 (9th Cir. 1997), *cert. denied*, 118 S.Ct. 586 ( Dec 01, 1997) (NO.

    97-289).

11   Before granting relief, the district court must first determine whether the state court decision was
12
    erroneous. Van Tran v. Lindsey, 212 F.3d 1143, 1155 (9th Cir. 2000), *cert. denied*, 121 5. Ct. 340 (2000).
13
    The district court must then determine whether the state court decision involved an unreasonable
14
    application of clearly established federal law. Id. The district court may grant habeas relief only if it
15
    finds the state court decision was unreasonable. Van Tran, 212 F.3d at 1153; Weighall v. Middle, 215
16
    F.3d 1058, 1063 (9th Cir. 2000).

17  ***Petitioner's Sentence Does Not Violate U.S. Constitutional Standards***

18   Each of Petitioner's four claims for habeas relief focus on the legality of the 416 month sentence.
19
    After reviewing the issues, the undersigned finds no merit in Petitioner's remaining claims challenging
20
    the legality of his sentence.

21   First, the issue of whether or not Petitioner should have received consecutive, rather than
22
    concurrent sentences, does not raise a cognizable habeas claim. Habeas claims of sentencing error are
23
    not cognizable in a federal habeas petition. Generally, "federal habeas corpus relief does not lie for errors
24
    of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (*quoting* Lewis v. Jeffers, 497 U.S. 764, 780
25
    (1990)). Moreover, "it is not the province of a federal habeas court to reexamine state-court
26
    determinations on state-law questions." Estelle v. McGuire, 502 U.S. at 68.

27   Petitioner argues the Supreme Court's decisions in *Apprendi* and *Blakely*, in addition to California
28
    state law requires the imposition of concurrent sentences in this matter. The undersigned finds no merit in

1  Petitioner's claims.

2      The State of California has made several adjustments or refinements to its criminal proceedings

3  following the Supreme Court's decisions in *Blakely*, and *Apprendi*.  Most notably is the California State

4  Supreme Court's decision in <u>People v. Black</u>, 161 P.3d 1130, (July 19, 2007), and the previous decision

5  in that matter.

6      In *Black*, as in the case at bar, defendant argued that imposition of consecutive terms of

7  imprisonment under state law based upon facts not found by a jury violated his Sixth Amendment rights.

8  The California high court explained that unlike some states which created a sentencing scheme with a

9  presumption in favor of concurrent sentences that may be overcome only by factual findings made by a

10 jury (noting Ohio, Washington),  California's statute does not establish a presumption in favor of

11 concurrent sentences; its requirement that concurrent sentences be imposed if the court does not specify

12 how the terms must run merely provides for a default in the event the court fails to exercise its discretion.

13 <u>People v. Black</u>, 161 P.3d at 1145, *citing* <u>People v. Reeder</u> (1984) 152 Cal.App.3d 900, 923, 200

14 Cal.Rptr. 479.  The California Court concluded:

15          In deciding whether to impose consecutive terms, the trial court may consider
        aggravating and mitigating factors, but there is no requirement that, in order to justify the
16      imposition of consecutive terms, the court find that an aggravating circumstance exists.
        (See § 669; Cal. Rules of Court rule 4.425(a), (b).) Factual findings are not required. In
17      imposing an upper term, the court must set forth on the record ''facts and reasons'' (§
        1170, subd. (b)), including the ''ultimate facts that the court deemed to be circumstances in
18      aggravation'' (Cal. Rules of Court, rule 4.420(e).)  But it need only cite ''reasons'' for
        other sentencing choices (§ 1170, subd. (c)), and the reasons given for imposing a
19      consecutive sentence need only refer to the ''primary factor or factors'' that support the
        decision to impose such a sentence. (Cal. Rules of Court, rule 4.406(a), (b); § 1170, subd.
20      (c); see *People v. Tran* (1996) 47 Cal.App.4th 759, 774, 54 Cal. Rptr.2d 905.)

21          The high court's decision in *Cunningham* does not call into question the conclusion
        we previously reached regarding consecutive sentences. The determination whether two or
22      more sentences should be served in this manner is a ''sentencing decision[ ] made by the
        judge after the jury has made the factual findings necessary to subject the defendant to the
23      statutory maximum sentence on each offense'' and does not ''implicate[ ] the defendant's
        right to a jury trial on facts that are the functional equivalent of elements of an offense.''
24      (*Black I, supra*, 35 Cal.4th at p. 1264, 29 Cal.Rptr.3d 740, 113 P.3d 534.) Accordingly, we
        again conclude that defendant's constitutional right to jury trial was not violated by the
25      trial court's imposition of consecutive sentences on all three counts.

   <u>Id</u>.

26      Similarly, Petitioner's claim that his consecutive sentence violates federal standards must fail.

27 The issue of whether or not the Sixth Amendment prohibits judges, rather than juries, finding facts

28 necessary to impose consecutive, rather than concurrent, sentences for multiple offenses was recently

decided in <u>Oregon v. Ice</u>, 129 S.Ct. 711, (January 14, 2009).  Oregon, like some other states reacted to the

Supreme Court's decisions in *Apprendi* and *Blakely*, and developed laws that required judges to make

certain predicate fact findings before a consecutive sentence could be imposed.  Like the matter at hand,

defendant in the Oregon matter received consecutive sentences for multiple sexual crimes.  Ice argued

that he had a Sixth Amendment right to have the jury, not the sentencing judge, find the facts that

permitted the imposition of consecutive sentences.  The Court disagreed and wrote:

> States' interest in the development of their penal systems, and their historic dominion in this area, also counsel against the extension of *Apprendi* that Ice requests. Beyond question, the authority of States over the administration of their criminal justice systems lies at the core of their sovereign status. *See, e.g., Patterson*, 432 U.S., at 201, 97 S.Ct. 2319 ("It goes without saying that preventing and dealing with crime is much more the business of the States than it is of the Federal Government."). We have long recognized the role of the States as laboratories for devising solutions to difficult legal problems. *See New State Ice Co. v. Liebmann*, 285 U.S. 262, 311, 52 S.Ct. 371, 76 L.Ed. 747 (1932) (Brandeis, J., dissenting). This Court should not diminish that role absent impelling reason to do so.
>
> It bears emphasis that state legislative innovations like Oregon's seek to rein in the discretion judges possessed at common law to impose consecutive sentences at will. Limiting judicial discretion to impose consecutive sentences serves the "salutary objectives" of promoting sentences proportionate to "the gravity of the offense," *Blakely*, 542 U.S., at 308, 124 S.Ct. 2531, and of reducing disparities in sentence length, see 6 W. LaFave, J. Israel, N. King, & O. Kerr, Criminal Procedure § 26.3(f) (3d ed.2007). All agree that a scheme making consecutive sentences the rule, and concurrent sentences the exception, encounters no Sixth Amendment shoal. To hem in States by holding that they may not equally choose to make concurrent sentences the rule, and consecutive sentences the exception, would make scant sense. Neither *Apprendi* nor our Sixth Amendment traditions compel straitjacketing the States in that manner.

<u>Oregon v. Ice</u>, 129 S.Ct. 711, 718-719 (2009).

Here, the State of California clearly has given discretion to the sentencing judge to impose

consecutive, rather than concurrent sentences.  There is no presumption of a concurrent sentence, and the

sentencing judge in this matter gave several reasons, noted above, to properly support the imposition of

consecutive sentences.  Moreover, the Supreme Court's recent decision in *Oregon v. Ice, supra,* fully

supports the judge's decision to impose consecutive sentences upon Petitioner.

## <u>CONCLUSION</u>

Based on the foregoing, the Court should DENY the habeas corpus petition.  Pursuant to 28

U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10)

days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file

objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S.

1  140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter

2  for consideration on **March 27, 2009**, as noted in the caption.

3         DATED this 23rd day of February, 2009.

4

5                         */s/ J. Kelley Arnold*
                       J. Kelley Arnold

6                         U.S. Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPORT AND RECOMMENDATION
Page - 10